Andrew W. Stavros (8615)
Adam G. Clark (13047)
**Stavros Law P.C.**
8915 South 700 East, Ste. 202
Sandy, Utah 84070
Phone: 801.758.7604
Fax: 801.893.3573
andy@stavroslaw.com
adam@stavroslaw.com

*Attorneys for Plaintiff Taufiq Hussain Shah*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| TAUFIQ HUSSAIN SHAH, <br><br> Plaintiff, <br><br> vs. <br><br> WEBER STATE UNIVERSITY, <br><br> Defendant. | **COMPLAINT** <br><br> **(JURY DEMAND)** <br><br> Case No.1:18-cv-00105 <br><br> Judge Jill N. Parrish |

Plaintiff Taufiq Hussain Shah, by and through his counsel of record, brings this complaint against Weber State University, and for causes of action alleged as follows:

**PARTIES, JURISDICTION AND VENUE**

1. At all relevant times to this Complaint, Plaintiff Taufiq Hussain Shah ("Plaintiff" or "Shah") was a resident of the State of Utah.

2. At all relevant times to this Complaint, Plaintiff was employed by Defendant Weber

1

State University ("Defendant"), which is located at 3848 Harrison Blvd., Ogden, Utah 84408.

3. Plaintiff has exhausted administrative remedies, having filed a timely charge of discrimination and retaliation with the Utah Labor Commission, Antidiscrimination and Labor Division ("UALD"), and the Equal Employment Opportunity Commission ("EEOC") and obtained a right to sue letter dated June 1, 2018.

4. This Court has jurisdiction pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) ("Title VII"), from claims arising from the actions of Weber State University in violation of Title VII.

5. The employment practices alleged to be unlawful were committed in Weber County, Utah, which is within the jurisdiction of the U.S. District Court for the District of Utah, Central Division. Accordingly, venue is proper pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1391.

6. At all times relevant to this Complaint, Plaintiff was an "employee" within the meaning of Title VII, 42 U.S.C. § 2000e(f).

7. At all times relevant to this Complaint, Defendant was an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## FACTUAL ALLEGATIONS

8. Shah was born in Pakistan.

9. Shah is also a Muslim.

10. In or around September 2010, Shah was hired by Defendant to work as an adjunct faculty member in the Emergency Care & Rescue Department.

11. At all relevant times herein, Shah's immediate supervisor was Jeff Grunow

("Grunow"), the Chair of the Emergency Care Department at Defendant.

12. The Emergency Care Department is part of the Dumke College of Health Professions at Defendant. The dean of the college is Yasmen Simonian ("Simonian").

13. During the 2012-2013 academic year, Defendant had a number of visiting students from Saudi Arabia. Grunow exhibited hostility towards these students because they came from a predominantly Muslim country, they requested time to pray, etc.

14. In fact, Grunow would intimidate the visiting students by threatening the students with expulsion from the EMS program.

15. In or around May 2013, Shah was appointed as a full-time instructor in the Emergency Care and Rescue Department at Defendant. This appointment is renewed annually.

16. On more than one occasion, Shah complained to Simonian regarding Grunow's disparaging comments towards Muslims and non-white individuals.

17. In response to Shah's complaints, Simonian usually told Shah to "stay quiet", "keep your head down", "that's just the way [Grunow] is", "just hold on" because he "is almost gone".

18. On or about November 1, 2014, Shah emailed Simonian to complain about Grunow's degrading comments.

19. Shah made other complaints, including that Grunow stated that he would have a "come to Jesus or Allah or whatever he believes in or Abraham meeting!" Grunow made this comment to Shah in front of several students.

20. Shah also wrote that he believed that Grunow's comment was "disconcerting, offensive and blatantly inappropriate."

21. After Shah sent the email to Simonian, Grunow began behaving coldly and

callously towards Shah, and he started looking for reasons to cause his termination.

22. In the months following Shah's complaint to Simonian, Grunow stopped giving Shah work assignments to complete.

23. Grunow also stopped providing support to Shah on ideas Shah wanted to implement as part of his role as an instructor, including Shah's desire to add a bachelor degree program.

24. In or around February 2015, Grunow again exhibited his habit of identifying people by skin color when he described one of the students as "our African American paramedic student" rather than simply using the student's name.

25. In or around April 2015, Shah learned that Grunow surveyed Shah's students in an effort to find a basis to terminate him. Upon information and belief, Grunow even asked several students to write negative comments on the student evaluations of Shah as an instructor.

26. On or about April 2, 2015, Shah was informed by Grunow and Simonian that Defendant would not be renewing Shah's contract for the next school year.

27. During this meeting, Grunow and Simonian told Shah that there was a perception that Grunow and Shah did not get along and that they did not work in harmony.

28. Shah was also told that there were performance concerns.

29. Despite working at Defendant for approximately five years, neither Simonian nor Grunow raised any such concerns until after he filed the aforementioned complaint with Simonian.

30. On more than one occasion, Simonian told Shah that when it came to Grunow her hands were tied and that she could not get rid of Grunow because he was tenured and there was not anyone who could replace him.

31. Defendant's termination of Shah was discriminatory and pretextual.

## FIRST CAUSE OF ACTION
### (Race Discrimination under Title VII of the Civil Rights Act)

32. Plaintiff hereby incorporates as though restated each of the factual allegations set forth in the preceding paragraphs of the Complaint.

33. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination by an employer against employees on the basis of race and/or color.

34. Plaintiff has brown skin.

35. The adverse employment actions taken against Shah, including the decision not to renew his employment contract, failing to continue to employ Shah, causing his termination of employment after failing to appropriately investigate his complaints, and harassing him after making such complaints were motivated by Shah's race.

36. Defendant's actions and/or inactions have directly and proximately caused Plaintiff substantial past and future economic loss, including lost wages, damage to his career and professional reputation, and extreme humiliation and pain and suffering, in an amount to be determined at trial.

37. Defendant's unlawful conduct toward Leilani in violation of Title VII was done with reckless disregard for her federally protected rights, such that Defendant should be subjects to an award of punitive damages.

38. Plaintiff is also entitled to an award of costs and attorneys' fees, in accordance with Title VII.

## SECOND CAUSE OF ACTION
### (Religious and National Origin Discrimination under Title VII of the Civil Rights Act)

1. Plaintiff hereby incorporates as though restated each of the factual allegations set

5

forth in the preceding paragraphs of the Complaint.

2. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination on the basis of religion and national origin in the enjoyment of all benefits, privileges, terms and conditions of employment.

3. Plaintiff is a Muslim, who was born in Pakistan.

4. Defendant knew, or reasonably should have known, through its supervisors and others, that Plaintiff's manager, supervisors and co-workers were engaging in and/or fostering the unlawful and offensive behavior alleged above by harassing Plaintiff because of his religion and/or national origin.

5. Defendant had a duty to maintain a workplace free from harassment, discrimination and retaliation. Notwithstanding such duty, Defendant failed to take sufficient actions to maintain a workplace free from harassment, discrimination and retaliation.

6. The harassment suffered by Plaintiff was both severe and pervasive.

7. The adverse employment actions taken against Shah, including the decision not to renew his employment contract, failing to continue to employ Shah, causing his termination of employment after failing to appropriately investigate his complaints, and harassing him after making such complaints were motivated by Shah's religion and/or national origin.

8. Because Grunow and Simonian were Plaintiff's supervisors, Defendant is also strictly liable to Plaintiff pursuant to the doctrine of respondeat superior.

9. Defendant's actions and inactions have directly and proximately caused Plaintiff substantial past and future economic loss, including lost wages, damage to his career and professional reputation, and humiliation, pain, suffering and emotional distress, in an amount to

be determined at trial.

10. Defendant's actions were taken with malice and were wanton, reckless and in knowing disregard of Plaintiff's legal rights and, as such, render it liable for punitive damages.

11. Plaintiff is also entitled to recover all attorneys' fees and costs expended in prosecuting this action.

## THIRD CAUSE OF ACTION
### (Retaliation under Title VII of the Civil Rights Act)

12. Plaintiff hereby incorporates as though restated each of the factual allegations set forth in the preceding paragraphs of the Complaint.

13. Title VII of the Civil Rights Act of 1964, as amended, prohibits

14. Plaintiff engaged in protected activity by opposing the treatment he received from Grunow, other supervisors, and employees – which he reasonably believed constituted unlawful discrimination and harassment – including by rejecting offensive comments about his race, national origin and/or religion, complaining about discrimination to Simonian and others, and engaging in other protected activity, among other things.

15. The actions of Defendant in terminating Plaintiff in response to his opposing and reporting discrimination and harassment constitute retaliation prohibited by Title VII.

16. Defendant's actions have directly and proximately caused Plaintiff substantial past and future economic loss, including lost wages, damage to her career and professional reputation, and humiliation and pain and suffering, in an amount to be determined at trial.

17. Defendant's actions were taken with malice and were wanton, reckless and in knowing disregard of Plaintiff's legal rights and, as such, render Defendant liable for punitive damages.

18. Plaintiff is entitled to recover all attorneys' fees and costs expended in prosecuting this action.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all causes of action set forth herein pursuant to Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

1. For judgment in Plaintiff's favor for discrimination, harassment and retaliation on the basis of race, religion and national origin in violation of Title VII;

2. For an award of back pay in an amount sufficient to make Plaintiff whole;

3. For an award of front pay, in lieu of reinstatement, in an amount sufficient to make Plaintiff whole;

4. For an award of compensatory damages in an amount to be determined by proof at trial, including non-pecuniary damages for emotional distress, pain and suffering and humiliation, and loss of reputation and other damages;

5. For an award of reasonable attorney's fees and costs incurred in bringing this lawsuit;

6. For an award of pre-judgment and post-judgment interest as allowed by law; and

7. For an award of punitive damages; and

8. For such other and further relief as the Court deems just and equitable.

DATED this 29th day of August, 2018.

                                              **/s/ Adam G. Clark**
Andrew W. Stavros
Adam G. Clark
STAVROS LAW P.C.
*Attorneys for Petitioner Taufiq Hussain Shah*